Steven L. Victor  (SBN 60140)
steve@svictorlaw.com
STEVEN L. VICTOR, ATTORNEY AT LAW APC
864 Grand Avenue, PMB 89
San Diego, CA 92109
Telephone:  (619) 239-3010
Facsimile:  (619) 239-5966

Attorney for Defendants, DEAN LIBS, an individual;
DEAN LIBS, INC., a California corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA FREITAG, Court-appointed permanent receiver for ANI Development LLC, American National Investments Inc., and their subsidiaries and affiliates,<br><br>Plaintiff<br><br>v.<br><br>DEAN LIBS, an individual; DEAN LIBS, INC., a California corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | **USDC Case No. 22-cv-00098-W-WVG**<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR FRAUDULENT TRANSFER**<br><br>[JURY TRIAL DEMANDED]<br><br>Complaint filed:  1/25/22 |

Defendants DEAN LIBS and DEAN LIBS, INC. ("Defendants"), hereby submit their Answer to the Complaint filed by Plaintiff, KRISTA FREITAG, Court-appointed permanent receiver for ANI Development LLC, American National Investments, Inc., and their subsidiaries and affiliates ("Plaintiff").

### I.

### <u>GENERAL DENIAL</u>

A.      These Defendants deny both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained in the Complaint, and the whole thereof, and each and every cause of action alleged against these Defendants.

B.      By way of further answer to the Complaint, these Defendants deny any alleged wrongful conduct at all; that Plaintiff sustained any losses, damages, or suffered any detriment, or

1   damage in any sum or amount whatsoever, as a result of any act or acts, fault, carelessness,

2   recklessness, or breach of contract or warranty on the part of these Defendants, or any at all; that

3   these Defendants posses information or belief sufficient to enable them to answer the allegations

4   concerning the nature and extent of the damage and losses of Plaintiff, if any at all, and basing

5   their denial upon said lack of information and belief, deny each and every allegation in the

6   Complaint, generally and specifically, and on said grounds for the purpose of placing the question

7   of the nature and extent of said damages and losses at issue.

8                                                    **II.**

9                          **ADMISSIONS AND DENIALS TO ALLEGATIONS**

10          As to the allegations made in the Complaint, Defendants admit, deny, or state their

11   inability or obligation to either admit or deny, as follows:

12          Paragraph 1:  Defendants lack sufficient information or belief to either admit or deny the

13   allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

14   all allegations contained in this paragraph.

15          Paragraph 2:  Defendants lack sufficient information or belief to either admit or deny the

16   allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

17   all allegations contained in this paragraph.

18          Paragraph 3:  Defendants lack sufficient information or belief to either admit or deny the

19   allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

20   all allegations contained in this paragraph.

21          Paragraph 4:  Defendants lack sufficient information or belief to either admit or deny the

22   allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

23   all allegations contained in this paragraph.

24          Paragraph 5:  Defendant, DEAN LIBS admits that he is a citizen and resident of the county

25   of San Diego, California.  Defendant denies the remainder of the allegations contained in this

26   paragraph.

27   ///

28   ///

Paragraph 6:  Defendant, DEAN LIBS, INC. admits that it is a California Corporation located in the County of San Diego.  Defendant denies the remainder of the allegations contained in this paragraph.

Paragraph 7:  Defendants lack sufficient information or belief to either admit or deny the allegations contained in this paragraph, and on the basis of such lack of information or belief, deny all allegations contained in this paragraph.

Paragraph 8:  Defendants lack sufficient information or belief to either admit or deny the allegations contained in this paragraph, and on the basis of such lack of information or belief, deny all allegations contained in this paragraph.

Paragraph 9:  Defendants lack sufficient information or belief to either admit or deny the allegations contained in this paragraph, and on the basis of such lack of information or belief, deny all allegations contained in this paragraph.

Paragraph 10:  Defendants lack sufficient information or belief to either admit or deny the allegations contained in this paragraph, and on the basis of such lack of information or belief, deny all allegations contained in this paragraph.

Paragraph 11:  Defendants lack sufficient information or belief to either admit or deny the allegations contained in this paragraph, and on the basis of such lack of information or belief, deny all allegations contained in this paragraph.

Paragraph 12:  Defendants lack sufficient information or belief to either admit or deny the allegations contained in this paragraph, and on the basis of such lack of information or belief, deny all allegations contained in this paragraph.

Paragraph 13:  Defendants lack sufficient information or belief to either admit or deny the allegations contained in this paragraph, and on the basis of such lack of information or belief, deny all allegations contained in this paragraph.

Paragraph 14:  Defendants lack sufficient information or belief to either admit or deny the allegations contained in this paragraph, and on the basis of such lack of information or belief, deny all allegations contained in this paragraph.

///

1    Paragraph 15:  Defendants lack sufficient information or belief to either admit or deny the

2    allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

3    all allegations contained in this paragraph.

4    Paragraph 16:  Defendants lack sufficient information or belief to either admit or deny the

5    allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

6    all allegations contained in this paragraph.

7    Paragraph 17:  Defendants lack sufficient information or belief to either admit or deny the

8    allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

9    all allegations contained in this paragraph.

10   Paragraph 18:  Defendants lack sufficient information or belief to either admit or deny the

11   allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

12   all allegations contained in this paragraph.

13   Paragraph 19:  Defendants lack sufficient information or belief to either admit or deny the

14   allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

15   all allegations contained in this paragraph.

16   Paragraph 20:  Defendants admit that a demand, coupled with the threats of a lawsuit, were

17   made upon them by the Receiver's attorney Edward G. Fates to pay substantial sums of money or

18   face a lawsuit being filed against them.  Defendants also admit that they did not agree with the

19   alleged accounting purportedly prepared by the Receiver.  As to the remainder of the allegations

20   contained hi this paragraph, Defendants lack sufficient information or belief to either admit or

21   deny the allegations contained in this paragraph, and on the basis of such lack of information or

22   belief, deny all allegations contained in this paragraph.

23   Paragraph 21: Defendants deny that they profited $667,520.36 from the Receivership

24   Entities.  Defendants also deny the validity of the purported accounting performed by the Receiver

25   or the Receiver's staff.  As to the remainder of the allegations contained in this paragraph,

26   Defendants lack sufficient information or belief to either admit or deny the allegations contained

27   in this paragraph, and on the basis of such lack of information or belief, deny all allegations

28   contained in this paragraph.

1       Paragraph 22:  Defendants lack sufficient information or belief to either admit or deny the

2  allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

3  all allegations contained in this paragraph.

4       Paragraph 23:  Defendants lack sufficient information or belief to either admit or deny the

5  allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

6  all allegations contained in this paragraph.

7       Paragraph 24:  This paragraph is an incorporation paragraph, as to which these Defendants

8  incorporate their responses stated herein above.

9       Paragraph 25:  Defendants deny the alleged Profit Amount and deny receiving such Profit

10  Amount.  As to the remainder of the allegations contained in this paragraph, Defendants lack

11  sufficient information or belief to either admit or deny the allegations contained in this paragraph,

12  and on the basis of such lack of information or belief, deny all allegations contained in this

13  paragraph.

14       Paragraph 26:  Defendants can neither admit nor deny this paragraph on the basis that the

15  phrase "nothing of value from Defendant" is vague, ambiguous, overbroad and unintelligible, and

16  on such basis deny the allegations contained in this paragraph.  Defendants further deny the

17  alleged Profit Amount and the alleged Deposit Amount.  As to the remainder of the allegations

18  contained in this paragraph, Defendants lack sufficient information or belief to either admit or

19  deny the allegations contained in this paragraph, and on the basis of such lack of information or

20  belief, deny all allegations contained in this paragraph.

21       Paragraph 27:  Defendants deny the alleged Profit Amount and the alleged Deposit

22  Amount.  As to the remainder of the allegations contained in this paragraph, Defendants lack

23  sufficient information or belief to either admit or deny the allegations contained in this paragraph,

24  and on the basis of such lack of information or belief, deny all allegations contained in this

25  paragraph.

26       Paragraph 28:  Defendants deny the alleged Profit Amount and the alleged Deposit

27  Amount.  As to the remainder of the allegations contained in this paragraph, Defendants lack

28  sufficient information or belief to either admit or deny the allegations contained in this paragraph,

1  and on the basis of such lack of information or belief, deny all allegations contained in this

2  paragraph.

3      Paragraph 29:  Defendants lack sufficient information or belief to either admit or deny the

4  allegations contained in this paragraph, and on the basis of such lack of information or belief, deny

5  all allegations contained in this paragraph.

6      Paragraph 30:  Defendants deny the alleged Profit Amount and the alleged Deposit

7  Amount.  As to the remainder of the allegations contained in this paragraph, Defendants lack

8  sufficient information or belief to either admit or deny the allegations contained in this paragraph,

9  and on the basis of such lack of information or belief, deny all allegations contained in this

10  paragraph.

## III.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

16      As and for a first and separate affirmative defense to the Complaint, and all causes of

17  action contained therein, these Defendants allege that the Complaint, and each and every cause of

18  action stated therein, fails to state facts sufficient to constitute a cause of action as against these

19  Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitation)

22      As and for a second and separate affirmative defense to the Complaint, and all causes of

23  action contained therein, these Defendants allege that the claims and causes asserted by Plaintiff in

24  the Complaint are barred by each and every applicable statute of limitations, including but not

25  limited to, California Civil Code § 3439.09 (a) and 3439.09 (a) (2).

26  ///

27  ///

28  ///

1

### THIRD AFFIRMATIVE DEFENSE

2

#### (Statute of Repose)

3

As and for a third and separate affirmative defense to the Complaint, and all causes of

4

action contained therein, these Defendants allege that the claims and causes asserted by Plaintiff in

5

the Complaint are barred by each and every applicable statute or repose, including but not limited

6

to, California Civil Code § 3439.09 et. seq.

7

### FOURTH AFFIRMATIVE DEFENSE

8

#### (Failure to Show Insolvency at Time of Transfer)

9

As and for a fourth and separate affirmative defense to the Complaint, and all causes of

10

action contained therein, these Defendants allege that Plaintiff's purported accounting, attached to

11

the Complaint as Exhibit B, alleges approximately 95 separate and distinct alleged 'fraudulent

12

transfers' dated between December 5, 2011 and August 2, 2019.  As such, Plaintiff will not be

13

able to prove, by a preponderance of the evidence, that at the time of each individual alleged

14

transfer was made, the Receivership Entities were insolvent, as is required by California's

15

Uniform Voidable Transactions Act (Civil Code 3439, et seq.) (the "Act").  As such, Plaintiff's

16

claim under such Act must fail.

17

### FIFTH AFFIRMATIVE DEFENSE

18

#### (Reasonable Value)

19

As and for a fifth and separate affirmative defense to the Complaint, and all causes of

20

action contained therein, these Defendants allege that the claims made in the Complaint fail as

21

these Defendants provided reasonable value to the Receivership Entities.

22

### SIXTH AFFIRMATIVE DEFENSE

23

#### (Transfers Prior to Claims of Creditors)

24

As and for a sixth and separate affirmative defense to the Complaint, and all causes of

25

action contained therein, these Defendants allege that the claims made in the Complaint are barred,

26

in whole or in part, because Plaintiff cannot demonstrate that the claims of the alleged Creditors

27

(subsequent investors) were incurred before each of the alleged 95 transfers were made by the

28

////

1  Receivership Entities to these Defendants, and as such the Plaintiff cannot prove that the creditors

2  the Receiver now purports to represent, had claims which existed prior to the transfers

3  <div align="center">**SEVENTH AFFIRMATIVE DEFENSE**</div>

4  <div align="center">**(Good Faith)**</div>

5  As and for a seventh and separate affirmative defense to the Complaint, and all causes of

6  action contained therein, these Defendants allege that the claims made in the Complaint are barred,

7  in whole or in part, on the basis that Defendants acted in and received any of the alleged transfers

8  in good faith. Defendants had no dominion or control over funds held by ANI or Gina Champion

9  Cain, and these Defendants had no ability to appropriate or use the funds. Defendants acted in

10 good faith and are subject to the good faith exception in California Civil Code 3439.08 (a) and

11 11 USC 548 (c).  These answering Defendants did not know the business was not profitable and

12 did not know it was a Ponzi scheme as alleged by Plaintiff.

13 <div align="center">**EIGHTH AFFIRMATIVE DEFENSE**</div>

14 <div align="center">**(Transfers to the Receivership Entities)**</div>

15 As and for an eighth and separate affirmative defense to the Complaint, and all causes of

16 action contained therein, these Defendants allege that the claims made in the Complaint should be

17 offset by the monies provided by these Defendants to the Receivership Entities which will be

18 demonstrated at time of trial.

19 <div align="center">**NINTH AFFIRMATIVE DEFENSE**</div>

20 <div align="center">**(Lack of Jurisdiction)**</div>

21 As and for a ninth and separate affirmative defense to the Complaint, and all causes of

22 action contained therein, these Defendants allege that the claims made in the Complaint do not

23 support or provide for jurisdiction in this Court, as the claims are State based claims, not Federal

24 Claims, and the amount in controversy does not meet the jurisdictional minimum for this Court.

25 Further, there is no diversity jurisdiction.

26 ///

27 ///

28 ///

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Reasonably Discover Claim)

As and for a tenth and separate affirmative defense to the Complaint, and all causes of action contained therein, these Defendants allege that the claims made in the Complaint are barred, in whole or in part, by the Receiver's failure to reasonably discover and bring these claims within one year of the Receiver's discovery. The Receiver was appointed on September 3, 2019. The Receiver's Third Interim Report and Recommendations, as of June 10, 2020, claimed significant progress in their forensic accounting for their creditors' claims, such as this. As such, this action should be time barred as it was filed more than one year after the claim against these Defendants was or could have been reasonably discovered.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Laches)

As and for an eleventh and separate affirmative defense to the Complaint, and all causes of action contained therein, these Defendants allege that Plaintiff has  unreasonably delayed in filing her Complaint and in notifying these Defendants of any alleged harm and damages, and the basis for the causes of action alleged against them, all of which have unduly and severely prejudiced these Defendants in the defense of this action, thereby barring or diminishing Plaintiff's recovery herein under the equitable doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

#### (UFTA Applies for Transfers Prior to January 1, 2016)

As and for a twelfth and separate affirmative defense to the Complaint, and all causes of action contained therein, these Defendants allege that the Uniform Fraudulent Transfer Act (UFTA) applies to any alleged transfer to these Defendants prior to January 1, 2016, applies as opposed to the alleged Uniform Voidable Transactions Act (UVTA) which was not enacted until January 1, 2016 (Civil Code §3439.14). Thus, all alleged transfers prior to December 31, 2015 require application of the UFTA. Since the UFTA was not plead, Plaintiff should be barred from seeking a claim against all alleged transfers prior to January 1, 2016.

///

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As and for a thirteenth and separate affirmative defense to the Complaint, and all causes of action contained therein, these Defendants allege that Plaintiff has failed, refused and/or neglected to take reasonable steps to mitigate her alleged damages, thus barring or diminishing Plaintiff's recovery herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not Responsible for Acts of DOE Defendants)

As and for a fourteenth and separate affirmative defense to the Complaint, and all causes of action contained therein, these Defendants allege that that they are not legally responsible for the acts and/or omissions for those Defendants fictitiously sued as DOES 1-10.  Defendants had no dominion or control over funds held by ANI or Gina Champion Cain, and these Defendants had no ability to appropriate or use the funds.  Defendants at most were a mere unwitting conduit of Gina Champion Cain, ANI and their related conduct.  These answering Defendants did not know the business was not profitable and did not know it was a Ponzi scheme as alleged by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Reasonable Cause or Good Faith Belief in Justifiable Controversy)

As and for a fifteenth and separate affirmative defense to the Complaint, and all causes of action contained therein, these Defendants are informed and believe and thereon allege that the Complaint, and each purported cause of action contained therein, were brought without a reasonable cause and without a good faith belief that there was a justifiable controversy under the facts and the law to warrant the filing of said Complaint, and in the amounts sought therein, as against these Defendants; and, therefore, Plaintiff is responsible for all necessary and reasonable costs of defense, including attorney's fees incurred by these Defendants, as more particularly set forth by Federal Rule of Civil Procedure 11 and/or in Code of Civil Procedure §§ 128.5 and/or 128.7.

///

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Not Subsequent Transferee)**

As and for a sixteenth and separate affirmative defense to the Complaint, and all causes of action contained therein, these Defendants allege that each of the transfers to Defendants alleged in the Complaint represented payment of wages for services rendered by Defendants, reimbursement of business expenses, or other purposes related to the business relationship between Defendants and the Receivership entities, and does not constitute a subsequent transfer of funds from the Receivership Entities for purposes of Civ. Code § 3439.08. Defendants acts, if any, were in the context of a financial conduit and not as a transferee or agent.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

As and for a seventeenth and separate affirmative defense to the Complaint, and all causes of action contained therein, these Defendants allege that Plaintiff is barred from obtaining any relief sought in the Complaint because, to the extent that Plaintiff has suffered any damage or injury, such damage or injury was not caused by Defendants, but was caused by the intentional or negligent acts, omissions, or misconduct of others.  Defendants had no dominion or control over funds held by ANI or Gina Champion Cain, and these Defendants had no ability to appropriate or use the funds. Defendants at most were a mere unwitting conduit of Gina Champion Cain, ANI and their related conduct. These answering Defendants did not know the business was not profitable and did not know it was a Ponzi scheme as alleged by Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As and for an eighteenth and separate affirmative defense to the Complaint, these Defendants allege that each and every cause of action alleged in the Complaint is barred in whole or in part by the fact that Defendants lacked knowledge of any intent to defraud. (*See, Stratton v. Equitable Bank*, 104 B.R. 713, 726 (D. Md. 1989), aff'd 912 F.2d 464 (4th Cir. 1989); *William B. Tanner Co v. United States (In re Business Systems, Inc.)*, 642 F.2d 200, 203 (6 Cir. 1981) (transferee does not have to return payments if transferee entered transaction in good faith without

1   knowledge of intent to defraud creditors); *Prisbrey v. Noble*, 505 F.2d 170, 176 (10th Cir. 1974).)

2   Defendants' conduct if any was not intended to hinder, delay, or defraud. California Civil Code

3   3439.04 (a) and 11 USC 548 (a) (1) (a).

4                          **NINETEENTH AFFIRMATIVE DEFENSE**

5                              **(Lack of Intent to Defraud)**

6            As and for a nineteenth and separate affirmative defense to the Complaint, Defendants

7   allege that each and every cause of action alleged in the Complaint is barred in whole or in part by

8   the fact that Defendants lacked intention to defraud. (*See, Stratton v. Equitable Bank*, 104 B.R.

9   713, 726 (D. Md. 1989), aff'd 912 F.2d 464 (4th Cir. 1989); *William B. Tanner Co v. United States*

10  *(In re Business Systems, Inc.)*, 642 F.2d 200, 203 (6 Cir. 1981) (transferee does not have to return

11  payments if transferee entered transaction in good faith without knowledge of intent to defraud

12  creditors); *Prisbrey v. Noble*, 505 F.2d 170, 176 (10th Cir. 1974).)

13                          **TWENTIETH AFFIRMATIVE DEFENSE**

14                                    **(Estoppel)**

15           As and for a twentieth and separate affirmative defense to the Complaint, and all causes of

16  action contained therein, these Defendants allege that the Complaint, and each claim for relief

17  therein, is barred by the doctrine of estoppel.

18                        **TWENTY-FIRST AFFIRMATIVE DEFENSE**

19                                     **(Waiver)**

20           As and for a twenty-first and separate affirmative defense to the Complaint, and all causes

21  of action contained therein, these Defendants allege that the Receiver, by her own conduct, has

22  waived the claims asserted in the Complaint.

23                       **TWENTY-SECOND AFFIRMATIVE DEFENSE**

24                                 **(Proximate Cause)**

25           As and for a twenty-second and separate affirmative defense to the Complaint, and all

26  causes of action contained therein, these Defendants allege that the Complaint, and each claim for

27  relief therein, is barred on the ground that any damages incurred by the Receiver or the

28  Receivership Entities were directly and proximately caused and contributed to by the conduct of

1  third parties and/or the Receivership Entities, and not Defendants.  These answering Defendants

2  did not know the business was not profitable and did not know it was a Ponzi scheme as alleged

3  by Plaintiff.

4  <center>**TWENTY-THIRD AFFIRMATIVE DEFENSE**</center>

5  <center>**(Setoff and Counterclaim)**</center>

6       As and for a twenty-third separate affirmative defense, the Receiver and the Receivership

7  Entities are barred from recovery against Defendants, in whole or in part under the Complaint, and

8  each cause of action therein by the Doctrine of Offset and Counterclaim.  Any amounts which

9  Defendants may be found to owe the Receiver or the Receivership Entities under the Complaint

10  must be eliminated or reduced by all amounts which the Receiver or the Receivership Entities

11  owes to Defendants.  Defendants affirmatively allege that the Receiver or the Receivership

12  Entities owes Defendants money for Promissory Notes and other damages and expenses which

13  remain due owing and unpaid to Defendants. The Receiver and the Receivership Entities are

14  entitled to a setoff in the amount of $255,000 or more and the alleged liability of Defendants, if

15  any, must be set off against the Receiver and the Receivership Entities.

16  <center>**TWENTY-FOURTH AFFIRMATIVE DEFENSE**</center>

17  <center>**(Reservation of Right to Assert Additional Affirmative Defenses)**</center>

18       As and for a twenty-fourth and separate affirmative defense to the Complaint, and all

19  causes of action contained therein, these Defendants allege that presently they have insufficient

20  knowledge or information to form a belief as to whether they have additional, as of yet unstated,

21  affirmative defenses available; and, therefore, reserve the right to request leave of court to assert

22  additional affirmative defenses in the event discovery indicates such would be appropriate.

23  <center>**IV.**</center>

24  <center>**JURY TRIAL DEMAND**</center>

25       Defendants, DEAN LIBS and DEAN LIBS, INC. demand a trial by jury of all issues so

26  triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

27  ///

28  ///

<center>-13-</center>
<center>DEFENDANTS' ANSWER TO COMPLAINT FOR FRAUDULENT TRANSFER</center>

## V.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants DEAN LIBS and DEAN LIBS, INC. pray for judgment as follows:

1.    That Plaintiff take nothing from these Defendants on the Complaint;

2.    That judgment be entered in favor of these Defendants and as against Plaintiff, dismissing the Complaint with prejudice;

3.    That these Defendants be awarded reasonable attorney's fees;

4.    That these Defendants recover costs of suit; and,

5.    That these Defendants be awarded such other and further relief as may be appropriate.


Dated: February 11, 2022        STEVEN L. VICTOR, ATTORNEY AT LAW APC

Steven L. Victor
Attorney for Defendants
  DEAN LIBS; DEAN LIBS, INC.

DEFENDANTS' ANSWER TO COMPLAINT FOR FRAUDULENT TRANSFER

**CERTIFICATION OF SERVICE**

I hereby certify that the following document(s):

**DEFENDANTS' ANSWER TO COMPLAINT
FOR FRAUDULENT TRANSFER**

was served on this date to counsel of record:

☒ **By Electronic Transmission:** I electronically filed the above document with the Clerk of the Court using the CM/ECF system. The CM/ECF system will sent notification of this filing to the persons listed below.

☒ **By E-Mail:** I emailed such document via .pdf to the email addresses listed below:

☐ **By U.S. Mail:** I caused the above document(s) to be sealed in an envelope and placed in the U.S. Mail with the postage fully prepaid to the following address, and also cause the document to be delivered by courtesy email to the corresponding email address set forth below.

| | |
|---|---|
| David R. Zaro, Esq. (SBN 124334)<br>Stacey A. Villagomez, Esq. (SBN 317081)<br>ALLEN MATKINS LECK GAMBLE MALLORY<br>  & NATSIS LLP<br>865 South Figueroa Street, Suite 2800<br>Los Angeles, CA 90017-2543<br>Tel: (213) 622-5555<br>Fax: (213) 620-8816<br>Email: dzaro@allenmatkins.com<br>  svillagomez@allenmatkins.com<br><br>**Attorney for Plaintiff,**<br>**KRISTA FREITAG** | Edward G. Fates, Esq. (SBN 227909)<br>ALLEN MATKINS LECK GAMBLE MALLORY<br>  & NATSIS LLP<br>One American Plaza<br>600 West Broadway, 27th Floor<br>San Diego, CA 92101<br>Tel: (619) 233-1155<br>Fax: (619) 233-1158<br>Email: tfates@allenmatkins.com<br><br>**Attorney for Plaintiff,**<br>**KRISTA FREITAG** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 11, 2022, at San Diego, California.

By: _Dawna Kirbey_
        Dawna Kirbey